IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No.: 3:22-CR-00025-CAR-CHW |
| v. | ) |
| | ) |
| | ) |
| LANEL CHAMBERS, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO REVOKE DETENTION ORDER
AND SET CONDITIONS OF RELEASE**

COMES NOW THE DEFENDANT, Lanel Chambers, pursuant to 18 USC 3145(b), and moves this Court for an Order vacating the Magistrate's decision to detain him pending trial and setting release conditions for Mr. Chambers.

**I. PRIOR PROCEEDINGS**

On January 25, 2023, Mr. Chambers appeared before U.S. Magistrate Hon. John K. Larkins, III for his initial appearance and detention hearing. After hearing a proffer from the United States, and a proffer and evidence from Mr. Chambers – as well as argument of counsel – the Court entered its Order of Detention Pending Trial. [DOC 98 Ex. 10] A copy of which is appended hereto as Exhibit A and incorporated herein by reference.

By way of this Motion, Mr. Chambers asks the Court to set aside the

1

Magistrate's order of detention and to allow his release upon bond pending trial.

## II. STANDARD OF REVIEW

District Court review of a Magistrate's detention order upon application of the defendant should be conducted on a *de novo* basis. **United States v King**, 849 F2d 485, 489-91 (11th Cir. 1988); **United States v Jeffries**, 679 FSupp 1114, 1115 (MD Ga. 1987).

## III. BURDEN OF PROOF AND APPLICABLE LEGAL STANDARDS

### (a) PRETRIAL DETENTION INTENDED FOR LIMITED "SMALL BUT INDENTIFIABLE GROUP"

Shortly before Halloween of the year 1984, as if to sound George Orwell's parting shot, Congress passed the Comprehensive Crime Control Act of 1984. Among other matters,[1] the CCA provides for pretrial detention of presumptively innocent citizens without bail. *See* 18 U.S.C. Section 3146(d) and (f). Although the Supreme Court carefully placed preventive detention in the regulatory category, it did so only because it perceived a "number of procedural rights" attendant to the detention process. **United States v Salerno**, 481 US 739 (1986). Detention, however, was intended to apply only to "a small but identifiable group of particularly dangerous defendants," S. Rep. No. 98-225 at 6-7, "demonstrably dangerous

---

[1] The CCA of 1984 also dealt with electronic surveillance, forfeitures, sentences, as well as salaries of United States Attorneys (28 USC Section 548).

2

defendants," S. Rep. No. 97-318, 97th Cong. 2d Sess. 38 (1982), "a reasonably identifiable group of defendants who would pose a serious risk to the safety of others if released," due to a "strong possibility" that the Defendant will commit additional crimes if released. S. Rep. No. 98-225 at 7, 10. In *Salerno*, the Supreme Court found the procedural standard implementing Congressional intent to require the government to muster "***convincing proof***" that the defendant presents a "***demonstrable danger***" to the community. *Id*. 107 S.Ct. at 2103. It was only in these "**narrow** circumstances" that preventive detention escapes the *per se* due process challenge. *Id*.

>Indeed, as the Eighth Circuit has noted:
>
>>In making a pretrial detention determination, a judicial officer must bear in mind that 'passage of the pretrial detention provision of the 1984 Act did not...signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial.
>
>***United States v Orta,*** 760 F.2d 887, 890 (8th Cir. 1985); ***See also United States v Acevedo- Ramos,*** 755 F.2d 203 (5th Cir. 1985).

### (b) REBUTTABLE PRESUMPTION

As to the rebuttable presumption contained in section 3142(f)(l)(B) and (C), it has been held:

3

> ...that Congress did not intend to shift the burden of persuasion to the defendant but intended to impose only a burden of production...
>
> Our reasons for believing that the burden of persuasion does not shift include the following. First, we are wary of interpreting ambiguous language to mandate pretrial confinement where evidence before a magistrate is indeterminate.
>
> Although pretrial confinement to prevent flight is not punishment, but rather one of various restrictions on the freedom of an accused person aimed at facilitating trial, ... it is still a most severe restriction requiring clear cause.
>
> Second, the Senate Judiciary Committee Report explaining the new presumption, while arguably ambiguous, does not suggest that Congress meant to impose a burden of persuasion on the defendant.
>
> ***United States v Jessup,*** 757 F.2d 378, 381 (1st Cir. 1985).

The Eighth Circuit has noted in ***United States v Orta****,* 760 F.2d 887 (8th Cir. 1985):

> the majority of cases thus far addressing the issue held that the presumption shifts only the burden of production to the defendant, the burden of persuasion remains with the government at p. 891.

The Eleventh Circuit has also adopted the ***Jessup*** rationale. ***See United States v Hurtado****,* 779 F. 2d 1467, 1478 (11th Cir. 1985); ***United States*** v ***King,*** 849 F.,2d

485, 488 (11th Cir. 1988) ["...This statutory presumption imposed only the burden of production on [the defendant] and does not shift the burden of persuasion concerning risk of flight and dangerousness."]

As the District of Columbia Circuit reiterated, "it is not the responsibility of the [accused] to carry the Government's burden of persuasion." ***United States v Alatishe***, 768 F.2d 364 (D.C. Cir. 1985). ***See also United States v Hazime***, 762 F.2d 34, 36 (6th Cir. 1985) where the Court of Appeals remanded the case for further hearing to afford the Government an opportunity to meet the Government's clear and convincing burden of persuasion even though the Magistrate there

> found that Hazime's indictment for a drug offense under 21 U.S.C. Section 801 ***et seq.*** established a presumption that there was no condition or combination of conditions favorable to his release on bond pending trial, a showing the Magistrate found was met by the Government's assertions that Hazime was unemployed, was vague about his wife's whereabouts, had a valid passport and had in the recent past pleaded guilty to charges of possession of stolen credit card and resisting arrest, and Hazime's prehearing statement that 'if I find out who the people are who testified against me, I will put fingers through their eyes.'
>
> ***United States v Hazime, supra,*** at p. 36

5

## (c) ACCUSED NEED ONLY PRODUCE "SOME EVIDENCE" TO SHIFT BURDEN OF PERSUASION AND PROOF BACK TO PROSECUTION

It is clear from cases in this and every other circuit, that the accused's burden to rebut the Bail Reform Act's presumption that he or she presents a substantial risk of flight or danger to the community, is slight, 18 U.S.C. Section 3142(e). ***United States v Jessup,*** 757 F.2d 378, 384 (1st Cir. 1985); ***United States v Orta,*** 760 F.2d 887, 891 (8th Cir. 1985).

The First Circuit in ***Jessup*** stated that "[I]n order to rebut the presumption, the Defendant must produce some evidence" noting that neither the presumption nor evidence relating to same in any way preclude releasing the accused on bail "so long as the Defendant has presented *some* evidence." ***United States v Jessup, supra,*** 757 F.2d 378, at p. 384.

The Fifth Circuit has also reiterated that while the Court may obviously consider Congress' general policy considerations as to the risk associated with persons charged with such drug offenses, in order "to rebut the presumption of flight or dangerousness" the accused need only "produce *some* evidence." ***United States v Fortna,*** 769 F.2d 243 (5th Cir. 1985). Indeed, a finding that no condition "will reasonably assure … the safety of the community …" cannot be based on evidence that the defendant has been a danger in the past. ***United States v Dominguez***, 783 F2d 702 (7th Cir. 1986).

## (d) GOVERNMENT MUST MEET BURDEN OF "CLEAR AND CONVINCING" EVIDENCE AS TO DANGEROUSNESS

The "statute clearly requires that a finding that a defendant should be detained prior to trial because he is a danger to the community should be supported by clear and convincing evidence". *United States v Moore,* 607 F. Supp. 489, 496 (N.D. Cal. 1985); *United States v King, supra,* at 489 Fn. 3. This standard of "clear and convincing" evidence requires more proof than probable cause and even preponderance of evidence, although less than proof beyond a reasonable doubt required to demonstrate guilt. *United States v Chimurenga*, 760 F.2d 400 (1985); *United States v Fortna,* 769 F.2d 243 (5th Cir. 1985).

> [i]t was correct to place the burden of persuasion on the government. This would be proper even were the rebuttable presumption to apply...Thus, in either event the government continued to have the burden to prove by clear and convincing evidence that Chimurenga was dangerous...The 'clear and convincing evidence' with respect to a defendant's danger to the community required by section 3142(f)(2)(B) means something more than 'preponderance of the evidence', and something less than 'beyond a reasonable doubt'. [cits.] To find danger to the com- munity under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty.
>
> *United States* v *Chimurenga, supra,* at p. 405.

On the other hand, Courts have held that a "preponderance of evidence" standard will suffice to demonstrate that no conditions will "reasonably assure" the accused's appearance. *See United* **States v** *Medina,* 775 F.2d 1398, 1402 (11th Cir. 1985); *United States v King,* supra, at 489. However, certainty that the accused will appear is not required. *United States v Orta*, supra, at p. 891.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) will reasonably assure the defendant's appearance can a defendant be detained before trial.
> In this case, the district court erred in interpreting the 'reasonably assure' standard set forth in the statute as a requirement that release conditions 'guarantee' community safety and the defendant's appearance. Such an interpretation contradicts both the framework and the intent of the pretrial release and detention provision of the 1984 Act.

In order to detain a presumptively innocent citizen without bail the burden is on the prosecution and it is substantial.

### (e) HEARSAY MAY NOT BE SUFFICIENT

Numerous courts have held that magistrates and trial judges may rely on hearsay evidence in denying release under the Act. *See, e.g., United States v*

*Acevedo-Ramos,* 755 F.2d 203 (1st Cir. 1985); *see also United States v Fortna,* 769 F.2d 243 (5th Cir. 1985); *United States v Cardenas,* 784 F.2d 937 (9th Cir. 1986); *United States v Accetturo,* 783 F.2d 387 (3rd Cir. 1986); and *United States v Fisher,* 618 F. Supp. 536 (E.D. Pa. 1985). While it may be true that "hearsay evidence is admissible", *United States v Fortna,* 769 F.2d 243 (5th Cir. 1985), where we are dealing with such serious questions as a presumptively innocent individual's liberty, great care should be accorded to the process by which such a decision is made, and as to meeting the Government's burden of persuasion, hearsay evidence may be insufficient. *United States v Fisher,* 618 F. Supp. 536, 537-8 (D.C. Pa. 1985); *United States v Ridinger,* 623 F. Supp. 1386 (W.D. Mo. 1985).

> It must be remembered that we are dealing with the deprivation of the liberty of a citizen of the United States who is presumed to be innocent. In my judgment the clear and convincing evidence requirement rightly places a heavy burden upon the Government before this radical interference with freedom is imposed.
> The Government here again offered only hearsay testimony. That testimony consisted of public officers repeating what an informer had told them and in some instances what another police officer had told the witness the informer had told him ... It is common experience of mankind that repetition of conversations, no matter how good the intention of the narrator may be, is subject to twists of wishful thinking, of interpretation or substitution of words

or differences in phraseology, -- in short, the conveyance of a completely erroneous version of what the actual conversation was ... All of the foregoing glaring deficiencies in the Government's proof seem to indicate that the Government treats deprivation of liberty as an automatic sequella of an indictment and that the deprivation of an individual's liberty is not a very serious thing. I disagree with the Government and I find that its evidence falls far short of the clear and convincing standards rightly demanded by the Act.

***United States v Fisher, supra,*** at pp. 537-8.

Moreover, the Bail Reform Act, 18 U.S.C. Section 3142(f) expressly guarantees an accused the right to "cross-examine" witnesses against him at the detention hearing. **See also *United States v Suppa,*** 799 F.2d 115 (3rd Cir. 1986); ***United States v Accetturo,*** 783 F.2d 382 (3rd Cir. 1986).

### (f) STATEMENT MADE TO CURRY FAVOR WITH POLICE

Courts have held that "hearsay" statements made by an individual in custody to "curry favor" with police are not sufficiently reliable to constitute probable cause. ***United States v Martin***, 615 F.2d 318, 325 (5th Cir. 1980); ***United States v Koloziej***, 712 F.2d 975, 978 (5th Cir. 1983). **See also *United States v Sarniento-Perez,*** 633 F.2d 1092, 1096 ( 5th Cir. 1980); ***United States v Gonzalez,*** 559 F.2d 1271, 1273 (5th Cir. 1977).

> ...while the statements were against the informants' penal interests, this Court has held that tips made to curry favor with the police, although they 'do not eliminate the residual risk and opprobrium of having admitted criminal conduct, they certainly make the declaration less reliable.'

**United States v Koloziej**, *supra*, at p. 978.

**See also Lee v Illinois**, 476 US 530 (1986); **Williamson v United States**, 512 US 594 (1994); **United States v Vera**, 893 F3d 689(5th Cir. 2018) (all recognizing the principle that a "co-defendant's confession inculpating the accused is inherently unreliable.")

## (g) BOND HAS BEEN REQUIRED ON MUCH LESS COMPELLING FACTS THAN THESE

In **United States v Montamedi**, 767 F.2d 1403 (9th Cir. 1985), the Ninth Circuit overturned a magistrate's finding that

> no condition or combination of conditions will reasonably assure 'the defendants' presence even though defendant Montamedi was ***not*** a U.S. citizen, was 'an Iranian citizen, allegedly acting as an agent of the Iranian government, who may return with impunity...maintains large bank accounts in foreign countries' was charged with 'serious' munitions offenses.

**United States v Montamedi**, at p. 1400. **See also United States v Hawkins,**

636 F. Supp. 1462 (S.D. Fla. 1986) (Defendant was "small dealer" with family ties to area and no prior record); *United States v Miller,* 625 F. Supp. 513 (D. Kan. 1985) (fact that defendant indicted for narcotics violation only "one of numerous factors"); *United States v Jones,* 614 F. Supp. 96 (E.D. Pa. 1985) (Defendant charged with heading a major heroin and cocaine distribution ring, had "lavish" lifestyle); *United States v Ridinger,* 623 F. Supp. 1386 (W.D. Mo. 1985) (fact that defendant possessed number of guns, pointed gun at FBI informant during drug deal, not sufficient to compel detention); *United States v Knight,* 636 F. Supp. 1462 (S.D. Fla. 1986) (ties to community overcomes statutory presumption).

## IV. THE RECORD EVIDENCE REGARDING MR. CHAMBERS

Mr. Chambers is 44 years of age. He has extensive ties to the community. His mother lives in Ellenwood, Georgia with Mr. Chambers' grandmother. His father, although still with us, has Alzheimer's and lives in a nursing home in Jonesboro. Chambers also has an aunt who lives in the Atlanta area. His daughter, Jaunice Chambers, lives in Atlanta with his three grandchildren ages 4, 3, and 1.

Mr. Chambers is self-employed in the car business and runs a non-profit organization that assists homeless veterans.

Mr. Chambers was arrested on February 10, 2022, by Gwinnett County on charges related to this indictment. On June 24, 2022, he was granted a bond –

$150,000.00 bond with conditions: GPS ankle monitoring, home confinement except for work, Court and attorney meetings – with any GPS violations reported directly to Gwinnett County ADA Norris Lewis. He has been enlarged on bond since then. Notwithstanding the proffer of the "movements" of Mr. Chambers for 1/5/23 – 1/8/23, no violations of the law have been alleged or charged since his release on bond, no violations have been reported to ADA Lewis, and there has been no suggestion whatsoever that he has attempted to intimidate witnesses or otherwise obstruct the administration of justice. Proof positive that there are conditions of release that will assure his presence at Court and that he poses no danger to the community.

What concerned the Magistrate Court, it appears, was Chambers' criminal history. A series of convictions from 1997 – all sentenced on the same date of September 24, 1997, when Chambers was 18 years old – were his first encounters with the law.

These early cases were followed by a series of simple possession of cocaine cases in the early 2000s – one case, in fact, was simple possession of cocaine less than 1 gram! His last encounters with the law occurred in 2008 and 2009. The first in Coweta County, Georgia involving approximately 3 oz. of marijuana. The last, in 2009, in Rockdale County – again a drug case – resulting in a three year custody

sentence and an (outrageous) 27 year term of probation! He is apparently still on probation there.[2]

That is, Chambers' last run-in with the law was 14 years ago.

In sum, we have a 44-year-old man with extensive ties to this community, who has been enlarged on bond for 6 months, and whose last conviction was in October of 2009.

## END NOTE

Undersigned counsel believes that there is a constitutional argument that the standard for flight risk should be clear and convincing evidence. Currently, most courts interpret the burden to establish risk of flight as the lower preponderance of the evidence standard. **See, e.g., United States v Medina,** 775 F2d 1398, 1402 (11th Cir. 1985). **But see United States v Giampietro,** 775 F Supp 665, 668 n.3 (WD Pa 1990), aff'd 947 F2d 938 (3rd Cir. 1991) (holding that once the the presumption is rebutted, the government's burden of persuasion on both risk of flight and dangerousness is clear and convincing evidence).

While the text of the BRA is silent on the standard of proof for a finding of flight risk, the constitution requires a higher standard of proof than a preponderance of evidence for *deprivations of liberty*. The preponderance standard — employed in

---

[2] And according to the Pretrial Services Report a warrant issued May 9, 2022, for his arrest.

ordinary civil cases involving "mere loss of money" — cannot withstand constitutional scrutiny where a person stands to lose his physical liberty in the face of pretrial detention. ***See, e.g., Addington v Texas,*** 441 US 418, 424 (1979). Where deprivation of physical liberty is at stake, the Supreme Court consistently applies the clear and convincing evidence standard. ***See, e.g., Foucha v Louisiana,*** 504 US 71, 82 (1992); ***Cruzan ex. rel. Cruzan,*** 497 US 261, 282-83 (1990); ***Santosky v Kramer,*** 455 US 745, 756 (1982). In each of these cases, the Supreme Court reasoned that clear and convincing evidence "strikes the appropriate balance between scrupulous protection of individual liberty interests and the government interest in public safety." ***Caliste v Cantrell,*** 329 F Supp 3d 296, 313 (ED La 2018). The same logic applies to pretrial detention. People have a fundamental liberty interest in not being confined pending trial. Mr. Chambers requests the court employ the clear and convincing standard to *both* risk of flight and dangerousness.

## CONCLUSION

Mr. Chambers asks this court to review and revoke the Magistrate's Detention Order in this case and enlarge him on bail under appropriate conditions.

Dated: February 2nd, 2023

Respectfully submitted,

/s/ Bruce Harvey
Bruce S. Harvey
Georgia Bar No. 335175
*Counsel for Defendant*
Law Office of Bruce S. Harvey
146 Nassau Street
Atlanta, Georgia 30303
(404) 659-4628
Email: bruce@bharveylawfirm.com