THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | No. 3:22-CR-25 (CAR) |
| LANEL CHAMBERS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON PETITION FOR REVOCATION OR AMENDMENT OF THE MAGISTRATE JUDGE'S DETENTION ORDER

Before the Court is Defendant Lanel Chambers' Petition for Revocation or Amendment of the Detention Order. On February 7, 2023, the Magistrate Judge conducted a detention hearing and ordered Defendant detained pending trial. Defendant now seeks reconsideration of that order and requests the Court allow him bond. The Government opposes Defendant's release. The Court held an evidentiary hearing on March 8, 2023. After conducting a *de novo* review, including the evidence proffered and introduced at the hearing, the Court agrees with the findings and conclusions of the Magistrate Judge and **DENIES** Defendant's Petition [Doc. 102]. Accordingly, Defendant will remain detained pending trial.

1

## BACKGROUND

On February 10, 2022, Defendant was arrested in Gwinnett County and charged under Georgia law with Trafficking in Cocaine, Illegal Drugs, Marijuana, or Methamphetamine; Possession of Cocaine with Intent to Distribute; and Possession of a Schedule II Controlled Substance. On June 24, 2022, he was released on a $150,000 bond with conditions including ankle monitoring and home confinement except for work, court, and attorney meetings. These charges gave rise to Defendant's federal charge in this case, and on October 11, 2022, a grand jury indicted Defendant on one count of Conspiracy to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(vi) and 18 U.S.C. § 2.

On January 20, 2023, Defendant was arrested on the charge in this case in the Northern District of Georgia. On February 7, 2023, Defendant pled not guilty at his arraignment, and United States Magistrate Judge John K. Larkins in the Northern District of Georgia conducted a detention hearing. At the hearing, the Government requested that Defendant be held in custody pending trial based on his danger to the community. At the conclusion of the detention hearing, Magistrate Judge Larkins granted the Government's request, finding the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any

other person and the community based on the lengthy period of incarceration Defendant faces if convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; and his prior violations of probation, parole, or supervised release.[1]

Defendant now challenges Judge Larkins' Detention Order, arguing that the Government has not met its burden of proving that Defendant is a danger to the community, and there are conditions of release that can adequately ensure he would not be a danger to the community. The Court held an evidentiary hearing on March 8, 2023.

Presumably because the initial detention hearing was held in the Northern District of Georgia—not in the Middle District of Georgia where Defendant was indicted—the Government proffered little evidence about the charged offense to Magistrate Judge Larkins. Thus, at the hearing on the current Motion, this Court asked the Government to proffer additional evidence of Defendant's involvement in the charged offense.

The Government proffered that in October 2021, the Gwinnett County Police Department ("GCPD") began an investigation into an apartment in Peachtree Corners in Gwinnett County. The GCPD sent a confidential informant to the apartment where he bought fentanyl from Defendant Chambers and another individual, Bernard Leonard. In

---

[1] Detention Order [Doc. 112].

January 2022, the Gwinnett County Police Department executed a search warrant for that apartment. Chambers was not at the apartment, but Mr. Leonard was present. The police arrested Mr. Leonard, and while in jail, Mr. Leonard placed a phone call to Defendant Chambers where they discussed the search, and Mr. Leonard assured Defendant Chambers he would not provide any information to the police about Chambers. An undercover officer later learned that Defendant Chambers set up another apartment where he was selling fentanyl located in the Sweetwater area of Lawrenceville. The undercover officer then began conducting surveillance of that apartment.

Meanwhile, the DEA out of Athens was conducting surveillance on who they believed was the largest supplier of fentanyl in Athens—co-Defendant Michael Arnold. Surveillance showed that Mr. Arnold would go to Defendant Chambers' apartment in Lawrenceville and then immediately back to Athens. Police were convinced that Mr. Arnold was picking up fentanyl in Lawrenceville and bringing it back to sell in Athens. On February 2, 2022, after law enforcement saw Mr. Arnold go to Defendant's apartment and leave, Georgia State Patrol attempted to stop Mr. Arnold, but he fled, lost control of his vehicle, crashed, fled on foot, and threw a bag that contained 200 grams of fentanyl. Mr. Arnold was arrested, and during his interview admitted that he had gone to "L.C.'s" (Lanel Chambers') apartment and purchased the fentanyl. He stated that for the last two to three months "L.C." (Lanel Chambers) provided him fentanyl.

In February 2022, law enforcement executed three search warrants for Defendant's car, stash apartment, and residence. In his car, law enforcement seized 670 grams of fentanyl, 140 grams of cocaine, and $3,000 in United States Currency. When law enforcement went to execute the search warrant for Defendant's stash apartment, they believe a female occupant flushed a significant amount of drugs before they made entry because she was covered in water, toilet water was present on the floor, and they found methamphetamine over the toilet seat and heroin on the floor. From Defendant's stash apartment, law enforcement seized pill presses, commonly used to make fentanyl pills, six grams of crack cocaine, and scales with cocaine residue. From Defendant's residence, law enforcement seized 85 grams of heroin and over $11,000 in United States Currency.

Because Defendant's criminal history was unclear from the transcript of the detention hearing before Judge Larkins, the Court also had the United States Probation Office conduct a criminal record check through the National Crime Information Center (NCIC) and provided a copy of Defendant's prior criminal record to both parties.[2]

## STANDARD OF REVIEW

"Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or

---

2  Criminal History Report for Lanel Chambers [Doc. 156].

amend the magistrate's pretrial detention order."[3] The district court reviews the magistrate's denial of bail *de novo*.[4] The Bail Reform Act governs the pretrial release or detention of defendants.[5] Detention is required when the judicial officer finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required.[6] To determine whether a defendant poses a flight risk, the judicial officer should consider the following four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[7]

But this does not require the district court to conduct a *de novo* hearing.[8] Instead, "the district court has two options."[9] First, the district court may explicitly adopt the magistrate's detention order if after "a careful review of the pleadings and the evidence developed at the magistrate's detention hearing," the district court determines "the

---

3 *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988) (citing 18 U.S.C. § 3145(b)).
4 *United States v. Hurtado*, 779 F.2d 1467, 1480-41 (11th Cir. 1985) ("the district court must undertake an independent review of the case, enter its own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in subsection [18 U.S.C. § 3142](i)(1)-(4).").
5 18 U.S.C. § 3142 *et seq*.
6 *Id*. at § 3142(e); *King*, 849 F.2d at 488-89.
7 18 U.S.C. § 3142(g)(1)-(4).
8 *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987).
9 *King*, 849 F.2d at 490.

magistrate's factual findings are supported and … the legal conclusions are correct."[10] Second, the district court may decide that additional evidence is required and conduct an independent hearing.[11] "[I]f the district court determines that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order."[12]

## DISCUSSION

Defendant Chambers argues, as he did at the initial detention hearing, that he should be released because his criminal history is old—his last criminal conviction was in 2009; when he was arrested in January 2023, he had successfully been released for over six months—since June 2022 on bond with conditions—and no violations had been reported to the State district attorney[13]; he has extensive family and community ties; he is self-employed; and he has a residence in the area. The Government opposes Defendant's release and contends that no combination of conditions will ensure he will

---

[10] *Id.* ("Adoption of the order obviates the need for the district court to prepare its own written findings of face and statement of reasons supporting pretrial detention.").
[11] *King*, 849 F.2d at 490.
[12] *Id*. at 490–91 (It is only necessary for the district court to enter its own findings in writing and a written statement of reasons supporting pretrial detention when: (1) "the district court considers evidence which was *not* considered by the magistrate; or" (2) "the district court adopts the magistrate's recommendation that pretrial detention is necessary but finds that certain of the magistrate's underlying conclusions or factual findings are incorrect or unsupported by the evidence.").
[13] The Government proffered that the monitoring system showed Defendant had violated the terms of his pretrial release by going to unapproved locations.

7

not be a danger to the community. The Court agrees with the Government.

First, the nature and circumstances of the charged offense – Conspiracy to Possess with Intent to Distribute Heroin and Fentanyl—is a serious crime weighing in favor of detention.[14] Second, the weight of evidence, as proffered by the Government at the hearing, is considerable, and also weighs in favor of detention. Third, although—as Judge Larkins explained at the initial detention hearing—Defendant has significant family and community ties, he also has significant criminal history involving crimes of violence and controlled substances crimes that show a pattern of distribution. Moreover, Defendant has been arrested several times for probation violations. Fourth, the significant amount of fentanyl—a drug that at least one group determined has become the leading cause of death for people ages 18 to 45[15]--that law enforcement seized from Defendant's car indicates he poses a danger to the community if released. As the factors overwhelmingly weigh in favor of detention, this Court concludes the Government has satisfied its burden by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure Defendant will not pose a danger to the community.

## CONCLUSION

Accordingly, Defendant's Petition for Revocation or Amendment of the

---

14 *See* 18 U.S.C. § 3142(g)(1) (stating that the judicial officer should consider whether the defendant has been charged with an offense that involves a controlled substance or firearms).
15 https://familiesagainstfentanyl.org/ (last visited March 10, 2023) (examining CDC data).

Magistrate Judge's Detention Order [Doc. 102] is **DENIED**.

It is **SO ORDERED** this 15th day of March, 2023.

                                        s/ C. Ashley Royal
                                        C. ASHLEY ROYAL, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT