# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** v. **LANEL CHAMBERS,** *Defendant.* | **CRIMINAL ACTION NO. 3:22-cr-00025-TES-CHW-3** |

## ORDER GRANTING CONSENT MOTION
## FOR CONTINUANCE IN THE INTEREST OF JUSTICE

Before the Court is the Government's Consent Motion for Continuance in the Interest of Justice [Doc. 354]. On October 11, 2022, the Grand Jury returned a multi-defendant, multi-count Indictment charging Defendant Lanel Chambers with one count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl. [Doc. 1]. On January 20, 2023, Defendant was arrested. Defendant pled not guilty at his arraignment on February 7, 2023, and was detained pending trial. [Doc. 111]; [Doc. 112]. On April 28, 2023, the Court issued an Order [Doc. 188] declaring this case complex due to the voluminous discovery, consisting of countless recordings, investigation reports, crime lab reports, and other electronic and tangible evidence. The Court has continued this case five times: first on February 14, 2023, second on March 15, 2023, third on June 22, 2023, fourth on January 3, 2024, and fifth on May 30, 2024. [Doc. 121]; [Doc. 155]; [Doc. 200]; [Doc. 239]; [Doc. 349].

The Government filed this Motion seeking a sixth continuance. [Doc. 348]. According to the Government, Defendant's attorney "is lead counsel for the accused in *State of Georgia v. Quamarvious Nichols*, Case No. *22SC183572*, which commenced trial on January 4, 2023, . . . [and] is anticipated to last several additional months." [*Id.* at p. 1]. The Government states that, because of defense counsel's "conflict in Fulton County Superior Court, he is unavailable to appear at the pretrial conference and trial before this Court as they are set." [*Id.*]. The Government represents that Defendant consents to this Motion. [*Id.* at p. 2].

The Court finds that granting the Government's request serves the ends of justice. The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would create a conflict whereby Defendant's counsel would be unavailable to represent him.

The Court also finds that two more factors weigh in favor of granting this Motion. First, the Court has already declared this case complex. [Doc. 188]; *see* 18 U.S.C. § 3161(h)(7)(B)(iv). And second, the Court has not yet had the opportunity to hold a hearing on Defendant's pending Motion to Suppress. [Doc. 238]; *see* 18 U.S.C. § 3161(h)(1)(D).

Thus, the Court **GRANTS** Defendant's Motion [Doc. 354] and **CONTINUES** the Pretrial Conference until August 13, 2024, and the trial of this matter until September

23, 2024. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), 3161(h)(7)(B), and 3161(h)(1)(D).

    **SO ORDERED**, this 1st day of July, 2024.

S/ Tilman E. Self, III\
**TILMAN E. SELF, III, JUDGE**\
**UNITED STATES DISTRICT COURT**
