# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** v. **LANEL CHAMBERS,** *Defendant.* | **CRIMINAL ACTION NO. 3:22-cr-00025-TES-CHW-3** |

### ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE

Before the Court is Defendant Lanel Chambers' Motion to Continue Motions Hearing, Pretrial Conference, and Trial in the Interest of Justice [Doc. 363]. On October 11, 2022, the Grand Jury returned a multi-defendant, multi-count Indictment charging Defendant Lanel Chambers with one count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl. [Doc. 1]. On January 20, 2023, Defendant was arrested. Defendant pled not guilty at his arraignment on February 7, 2023, and was detained pending trial. [Doc. 111]; [Doc. 112]. On April 28, 2023, the Court issued an Order [Doc. 188] declaring this case complex due to the voluminous discovery, consisting of countless recordings, investigation reports, crime lab reports, and other electronic and tangible evidence. The Court continued this case for the sixth time on July 1, 2024. [Doc. 355].

Defendant filed this Motion seeking a seventh continuance. [Doc. 363].

According to Defendant, his attorney "is lead counsel for the Defendant in *State of Georgia v. Quamarvious Nichols*, Case No. *22SC183572*, which commenced trial on January 4, 2023, . . . [and] is anticipated to last several additional months." [*Id.* at p. 1]. Because Defendant's "counsel is unavailable to appear at the motions hearing, pretrial conference and trial before this Court as they are set" and "no other associate admitted before this Court is available to appear," Defendant moves the Court to continue the hearing on his Motion to Suppress, the Pretrial Conference, and trial of this matter to a later term. [*Id.* at p. 2]. Defendant represents that "[t]he Government does not object to a continuance." [*Id.*].

The Court finds that granting Defendant's request serves the ends of justice. The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would create a conflict whereby Defendant's counsel would be unavailable to represent him. The Court also finds that two more factors weigh in favor of granting this Motion. First, the Court has already declared this case complex. [Doc. 188]; *see* 18 U.S.C. § 3161(h)(7)(B)(iv). And second, the Court has not yet had the opportunity to hold a hearing on Defendant's pending Motion to Suppress. [Doc. 238]; *see* 18 U.S.C. § 3161(h)(1)(D).

Thus, the Court **GRANTS** Defendant's Motion to Continue [Doc. 363], **CONTINUES** the hearing on Defendant's Motion to Suppress [Doc. 238] and the

Pretrial Conference until October 3, 2024, and **CONTINUES** the trial of this matter until November 18, 2024. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), 3161(h)(7)(B), and 3161(h)(1)(D).

    **SO ORDERED**, this 25th day of July, 2024.

                      S/ Tilman E. Self, III
                      **TILMAN E. SELF, III, JUDGE**
                      **UNITED STATES DISTRICT COURT**